MARVIN, Judge.
In a suit to establish boundary filed by a landowner whose property is contiguous to property of the State, the State’s third party demands against its vendors were dismissed on an exception of no cause of action and the State appeals. We affirm.
From its vendors in 1953-54 the State acquired two acres in section 33, the north line of which is the section line between section 28 and section 33, T17N, R7E. The boundary action plaintiff’s south line is the same section line.
The boundary action plaintiff alleged that the State was owner of the land in section 33 by the identical description by which the State acquired from its vendors, that the common boundary had never been fixed, and sought to have the boundary fixed according to law.
In its third party demand, the State alleged that it had acquired its property by warranty deed with full subrogation from the third party defendants and sought a third party judgment “. . . for any loss resulting from an adverse decision in the boundary dispute filed ... by plaintiff.”
The boundary action plaintiff alleges that he owns lands in section 28 and does not claim any land in section 33. The third party defendants warranted no lands in section 28. There is no disturbance of the State’s peaceable possession of its property in section 33, in law or in fact, even threatened by the boundary action. CC Arts. 2476, 2500, 2517.
If the section line is further south than the State supposes, it is nonetheless the section line. The third party defendant vendors did not warrant the location of the section line and did not purport to sell to the State any land north of the section line.
It is true that the third party demand under CCP 1111 is broader than the call in warranty. These third party defendants, however, are not warrantors of the location of the section line and are not liable to the State for any part of the principal demand, which is simply to locate and fix the section line as the common boundary between the principal plaintiff and defendant.
The State contends that it should have been allowed to amend its third party demands before these demands were dismissed. CCP 934. The State has not suggested, however, how the third party demand could be amended to remove the grounds for the exception of no cause of action and we cannot imagine any in the light of the allegations of the principal demand. If the grounds . . . cannot be removed . . . the action shall be dismissed. CCP 934.
At appellant’s cost, judgment is AFFIRMED.